IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOELY GISSEL PINEDA, *Individually and as Next Friend of D.C.G., A Minor* | § § § | CIVIL ACTION NO. 4:23-cv-00591 |
| v. | § § | |
| TARGET CORPORATION | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The parties conferred on May 22, 2023. Stephen Ricks attended for Plaintiff. Valerie Ly attended for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction exists based on diversity of citizenship and the amount in controversy exceeds $75,000.00.

4. **Name the parties who disagree and the reasons.**

   None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

6.  **List anticipated interventions**.

    None.

7.  **Describe class-action issues**.

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures**.

    The parties will exchange Initial Disclosures before the Initial Pretrial Conference.

9.  **Describe the proposed agreed discovery plan, including**:

    A.  **Responses to all the matters raised in Rule 26(f)**.

    **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

    The parties do not have any changes. Initial Disclosures will be exchanged before the Initial Pretrial Scheduling Conference.

    **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

    Defendant is not disputing that an employee struck Plaintiff with a cart and thus the focus on discovery will be about Plaintiff's injuries and damages. However, to the extent that Defendant contests liability, Plaintiff will need to conduct discovery on liability as well.

    **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

    None.

> **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties will supplement this if necessary.

> **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None.

> **(F) any other orders that the court should issue under Rule 26© or under Rule 16(b) and (c).**

Not at this time.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates it may send interrogatories to Defendant after the Initial Scheduling Conference.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates it may send interrogatories to Plaintiff after the Initial Scheduling Conference.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing Defendant's employees who may have witnessed the subject incident and Defendant's corporate representative.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates deposing Plaintiff and any witnesses to the fall after reviewing and analyzing the damages documentation.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

> and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will be able to designate experts and provide expert reports by 11/10/2023. Defendant will be able to designate experts and provide expert reports by 12/15/2023.

> G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report)**.

Plaintiff may depose her experts by the end of the discovery period.

> H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report)**.

Defendant may depose its experts by the end of the discovery period.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party**.

    The parties fully agree on this proposed discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date**.

    None to date.

12. **State the date the planned discovery can reasonably be completed**.

    The parties propose a discovery deadline of 2/23/2024.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting**.

    After Defendant has had a chance to evaluate Plaintiff's damages and take the deposition of Plaintiff and any witnesses, it will be in a position to evaluate the case and possibly mediate.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution**.

Both parties agreed that at least Plaintiff's deposition should be taken and the damages documentation should be evaluated prior to discussing resolution of this case.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Mediation is reasonably suitable.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Defendant has filed a jury demand. Plaintiff and Defendant agree to a jury trial.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate it will take approximately 15-20 hours to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Plaintiff:
Stephen R. Ricks
SBN: 00788278
Marcos & Associates, P.C.
10700 North Freeway
8th Floor
Houston, Texas 77037

Defendant:
Troy A. Williams
SBN: 00788678
Valerie Ly
SBN: 24053692
Germer PLLC
2929 Allen Parkway, Suite 2900
Houston, Texas 77019


Counsel for Plaintiff(s)  */s/ Stephen R. Ricks*          Date   5/23/2023


Counsel for Defendant(s)  */s/ Valerie Ly*          Date   5/23/2023