United States District Court
Southern District of Texas
**ENTERED**
October 15, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NOELY GISSEL PINEDA, *Individually, and on behalf of D.C.G., a minor,* *Plaintiffs,* | § § § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-cv-00591 |
| TARGET CORPORATION, *Defendant.* | § § § § § | |

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is Defendant Target Corporation's ("Target") Motion for Partial Summary Judgment. (Doc. No. 18). Plaintiff Noely Pineda ("Pineda" or "Plaintiff") filed no response in opposition. Considering the motions and applicable law, the Court hereby **GRANTS** Target's Motion for Partial Summary Judgment. (Doc. No. 18).

### I.     Background

This is a personal injury case arising from Plaintiff's visit to a Target store in southwest Houston. Plaintiff alleges that, as she exited the store with her minor child, a Target employee struck her with the line of shopping carts, injuring Pineda and her daughter. (Doc. 18 at 1). Plaintiff alleges that the accident was a direct and proximate result of the Target employee's negligence. (Doc. No. 1-1 at 3). As a result of Target's alleged failure to provide safe premises for Plaintiff to shop in, Plaintiff requests at least $200,000 in damages. (*Id.* at 4). In addition, Plaintiff seeks exemplary damages based upon the allegations that Target's negligence created an extreme degree of risk and acted with a conscious indifference to the rights, safety, and welfare of Plaintiff and others. (*Id.* at 5).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255.

The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule. *Petri v. Kestrel Oil & Gas Properties,*

*L.P.*, 878 F. Supp. 744, 750 (S.D. Tex. 2012). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed." *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). A decision to grant summary judgment based only on default is reversible error. *Id.* Even if a plaintiff fails to file a response to a dispositive motion despite a local rule's mandate that a failure to respond is a representation of non-opposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. App'x. 140, 143 (5th Cir. 2008) (citing *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *John v. Louisiana*, 757 F.2d 698, 708–09 (5th Cir. 1985)). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.*

### III.    Analysis

Target moves for summary judgment on two of Plaintiff's claims: 1) the exemplary damages claim; and 2) a number of damages claims that it maintains are not recoverable under Texas law.

#### a. Exemplary Damages

Beginning with the exemplary damages issue, the Court does not find a genuine issue of fact supporting this claim. Exemplary damages may only be awarded if the claimant proves by clear and convincing evidence that the harm was the result of fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003(a). Plaintiff's Original Petition does not even allege any facts that make fraud, malice, or gross negligence remotely plausible. There are no allegations of fraud or malice. To succeed on a gross negligence claim, Plaintiff must prove "that an act when viewed objectively from the standpoint of the actor at the time of its occurrence involves an

3

extreme degree of risk, considering the probability and magnitude of the potential harm to others;" *and* that "the actor has actual, subjective awareness of the risk involved but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11). Plaintiff's Original Petition, in its entirety, alleges only these facts:

> On or about August 29, 2021, Plaintiff NOELY GISSEL PINEDA, was walking in the Target store near the customer service. She was holding DELANY CATALINA GOMEZ, a minor, at the time. As she walked she was suddenly struck by carts being pushed by one of Defendant's employees. She jerked DELANY CATALINA GOMEZ, a mnor, in the process to attempt to keep her from getting her by the carts. The accident and injuries by Plaintiffs occurred as a direct and proximate result of Defendant's negligence. Plaintiffs suffered and continues to suffer personal injuries and incur medical expenses.

(Doc. 1-1 at 8). Further, under causes of action, Plaintiff pleads only common law negligence. (Doc. No. 1-1 at 9). Despite the limited allegations, Plaintiff then asks for exemplary damages on the basis that these acts or omissions "when viewed from the standpoint of said Defendant . . . involved an extreme degree of risk" and despite "actual, subjective awareness of the risk involved . . . nevertheless proceeded with conscious indifference . . . ." (Doc. No. 1-1 at 11). This allegation is conclusory and unaccompanied by facts that make the legal conclusion plausible. Consequently, Plaintiff's Original Petition failed to allege any facts that could plausibly be construed as "fraud, malice, or gross negligence."

Further, Target puts forth the deposition of Plaintiff Noely Gomez to show that her testimony includes nothing that would support gross negligence or malice. Plaintiff testifies that she, her daughter, and her partner were walking out of Target when the carts struck her. (Doc. No. 16-1 at 8–11). She then used her hand to push them away, and the employee said "my had," as Plaintiff walked out of the store. (*Id.*). Neither her testimony nor any other summary judgment evidence included any facts that could feasibly support malice or gross

4

negligence. All the evidence provided to the Court was insufficient to create a genuine issue of fact as to whether Target or its employee acted with gross negligence. Thus, the Court **GRANTS** summary judgment on the exemplary damages claim.

### b. Damages Claims

Next, Target argues that several of the damages claims made by Plaintiff are either unsupported by evidence, not recognized under Texas law, or both. (Doc. No. 18 at 8). Specifically, Target challenges the follow of Plaintiff's claims: 1) loss of consortium, 2) loss of household services, 3) fear of future disease or condition, and 4) cost of medical monitoring and prevention in the future. (*Id.*).

#### i. *Loss of Consortium and Household Services*

Target argues that these two claims are unsupported by any evidence. Plaintiff has not provided the Court any evidence throughout the pendency of this case showing that she or her daughter suffered injuries that could be the basis for a loss of consortium claim or her loss of household services claim. Moreover, upon reviewing the record and Plaintiff's prior filings, the Court does not find any evidence to support this claim either. Consequently, the Court **GRANTS** summary judgment on these claims.

#### ii. *Fear of Future Disease and Cost of Medical Monitoring*

Target asserts that there is no evidence creating a fact issue regarding these claims. Moreover, Target argues that they are not recognized as recoverable in a personal injury suit under Texas law. Regarding the "fear of future disease or condition" claim, the Court agrees that "[n]o authority supports the existence of such a cause of action." *Kane v. Cameron Intern. Corp.*, 331 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2011, no pet). Certainly, Plaintiff has not provided any authority that would suggest a different result.

5

Additionally, Plaintiff has not provided evidence to support this claim. Similarly, if the Court assumes, hypothetically, that the "medical monitoring" claim is legally cognizable, the Plaintiff has neither pleaded facts nor provided anything approaching evidence that future monitoring would be necessary or even probable. Therefore, the Court **GRANTS** summary judgment on these damages claims as well.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Target's Motion for Partial Summary Judgment. (Doc. No. 18).

Signed this 15th day of October, 2024.

Andrew S. Hanen
United States District Judge